On respondent PLAN International's petition for reconsideration filed February 7, on respondent Dunns' petition for reconsideration filed February 7, on appellant's response to Dunns' petition for reconsideration filed February 13, and appellant's motion to strike petition for reconsideration or in the alternative, response to respondent PLAN International's petition for reconsideration filed February 13, PLAN's petition for reconsideration denied; adoptive parents' petition for reconsideration allowed; former opinion (172 Or App 113, 17 P3d 1090) adhered to March 28, 2001

In the Matter of the Adoption of
Alexandra Rose Nesbitt, a Minor Child.

In the Matter of the Filiation of
Alexandra Rose Gruett, a Minor Child.

Carl O. GRUETT,
*Appellant,*

*v.*

Jaysa NESBITT,
*Respondent,*

*and*

PLAN INTERNATIONAL ADOPTION SERVICES, INC.,
an Oregon corporation,
David Dunn and Elizabeth Dunn,
husband and wife,
*Third-Party Respondents - Respondents.*

(97-5353-B-2, 98-2454-F-2; CA A103925)

21 P3d 168

Michael A. Neal for appellant *contra.*

James A. Wallan and Hornecker, Cowling, Hassen and Heysell, L.L.P. for petition for David and Elizabeth Dunn.

Robert J. Custis and Kent Custis LLP for petition for PLAN International.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judges.

HASELTON, P. J.

---

* Deits, C. J., *vice* De Muniz, P. J.

## HASELTON, P. J.

Respondents the Dunns (adoptive parents) and Plan International Adoption Services, Inc. (PLAN) petition for reconsideration of our decision in *Gruett v. Nesbitt*, 172 Or App 113, 17 P3d 1090 (2001). Because PLAN has failed to appear on appeal until this point, we deny its petition for reconsideration without discussion. We write to discuss adoptive parents' assertions that we made factual errors in our decision that led us to erroneous legal conclusions, and that we erred in our disposition of the case. As explained below, we adhere to our previous opinion in all respects.

Adoptive parents assert that we erroneously concluded that PLAN director Vollman made false statements concerning father. 172 Or App at 119, 121 n 1. They argue that, assuming that Vollman meant that the "placement" of child took place on September 23, 1997, when adoptive parents came to the hospital and initiated the adoption paperwork, her statement that father "had not filed filiation proceedings" could be viewed as correct because father filed his filiation proceeding on September 24, 1997. However, adoptive parents overlook the fact, which we highlighted in our previous opinion, 172 Or App at 119, that they also submitted to the trial court Vollman's "confidential adoption report," signed on September 30, 1997, that stated: "The paternity of this child has never been established *nor have any proceedings been instituted to establish paternity*." (Emphasis added.) We adhere to our conclusion that Vollman made false statements in documents that adoptive parents filed with the court in support of their adoption petition.

■ In any event, it was not Vollman's false statements concerning whether paternity proceedings had been initiated that served as the basis for the trial court's findings of fraud in the present case. As we noted in our previous opinion, those findings were not challenged in the course of this appeal. *Id.* at 122-23. It was PLAN's representation to father that father had until September 26, 1997, before PLAN would proceed with the placement of child into an adoptive home that was the basis of those findings. *Id.* at 117.

We turn to adoptive parents' argument that we erred in our disposition of the case. Adoptive parents argue:

"[T]he Court incorrectly stated that *at the close of the evidence,* respondents (hereafter adoptive parents) moved for a directed verdict. That conclusion is not supported by the record. As the transcript of the proceedings clearly indicates, the motion for *directed verdict came at the conclusion of evidence offered by petitioner* Gruett.

"At the time the motion was made on their behalf, the adoptive parents had *not offered any evidence in their case in chief.*" (Emphasis in original.)

Adoptive parents are proceeding under the mistaken assumption that father was the "petitioner" in the adoption proceeding and that they were the "respondents." That is not the case. Father was the petitioner in the filiation proceeding, which is not at issue on appeal; *adoptive parents* were the petitioners in the adoption proceeding. Thus, although adoptive parents had put on no *testimony* at the point that they moved for a directed verdict, they had put on their *prima facie* case for the adoption, in the form of their submissions to the court in support of their adoption petition. The hearing at which the testimony was received focused on the legal issue of whether father's consent was required for the adoption to proceed, and father presented the only testimony at that hearing. That does not mean, however, that father was therefore the "petitioner" in the adoption proceeding and that adoptive parents were the "respondents." When adoptive parents moved for a directed verdict, they argued that father had not demonstrated that they personally had committed fraud, that his consent therefore was not required for the adoption to go forward, and that the adoption should proceed. The trial court agreed and instructed adoptive parents' counsel to prepare the judgment of adoption, which the court subsequently entered. Were adoptive parents correct in their assertion that they "had not offered any evidence in their case in chief," then they would not have been in the position to assert that the court should enter the adoption judgment.

Notwithstanding adoptive parents' miscasting of their procedural posture, we understand, and treat, their position to be that they should be allowed to offer rebuttal

evidence "on the issues of agency and fraud by the adoption agency." *See generally* ORCP 58 A, B(3). In the abstract, it is possible that a case in this posture could require a remand for a petitioner to present rebuttal evidence. However, for the reasons set forth below, this case does not.

Adoptive parents are not entitled on remand to present evidence disputing the determination that PLAN committed fraud. As noted in our original opinion, the Linn County Circuit Court found that PLAN committed fraud, and that finding served as the basis for its paternity judgment in the filiation proceeding. 172 Or App at 119-20. That judgment was not appealed. *Id.* at 123 n 2. The Jackson County Circuit Court in the consolidated adoption proceeding declined to disturb the Linn County Circuit Court's finding of fraud by PLAN, *id.* at 121, and adoptive parents did not take issue with the finding of fraud *by PLAN* on appeal. At this point, the finding of fraud by PLAN has been conclusively established in the portion of this consolidated proceeding that was not the subject of the appeal; it is not subject to further litigation.

■     Finally, adoptive parents raise two challenges to our determination that, as a matter of law, PLAN's fraud is attributable to adoptive parents. 172 Or App at 128-29. First, they assert that our opinion selectively "focuses" on portions of the written agreements between PLAN and adoptive parents, rather than considering those agreements in their entirety, and, consequently, erroneously determined the legal significance and effect of those agreements. We reject that argument without elaboration and adhere to our original analysis.

Second, adoptive parents argue that, in all events, they should be entitled to litigate PLAN's agency further. We do not understand adoptive parents to assert that they can, or would, present additional *evidence* pertaining to agency on remand. Indeed, as noted, our holding in that regard was based solely on the written agreements that adoptive parents themselves submitted in support of their petition.[1] Rather, by

---

[1] Father presented no separate evidence pertaining to agency. Thus, there is literally no evidentiary basis or referent for rebuttal.

implication, adoptive parents seek a more expansive remand to raise additional and unspecified *legal arguments* pertaining to agency. We decline to so expand the scope of remand. Remand is not a vehicle for reargument or collateral attack. Adoptive parents have identified no legal purpose that would be meaningfully served if we were to vacate our determination as to PLAN's agency and remand for further litigation of that matter.

One final observation: This case, like others involving prolonged litigation over an adoption,[2] is excruciating for all concerned. Child is now three and a half years old, and adoptive parents are the only parents she has ever known. We have determined that the adoption must be set aside. An ultimately pointless remand would only prolong and exacerbate the agony.

PLAN's petition for reconsideration denied; adoptive parents' petition for reconsideration allowed; former opinion adhered to.

---

[2] *See, e.g., McCulley v. Bone,* 160 Or App 24, 979 P2d 779 (1999).